**STATE of Missouri, Respondent,**

v.

**Paul M. LONG, Appellant.**

**No. WD 54040.**

Missouri Court of Appeals, Western District.

May 26, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 30, 1998.

Application for Transfer Denied Aug. 25, 1998.

---

1. We added the emphasis.

James R. Wyrsch, Kansas City, for Appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for Respondent.

SPINDEN, Judge.

Paul M. Long appeals the circuit court's judgment to convict him of sexually molesting his 10–year–old daughter. Long challenges the sufficiency of the state's evidence and the prosecutor's information. He complains that the circuit court permitted the prosecutor to mischaracterize evidence, to call him a molester, to give personal opinions about witnesses and the evidence, and to make "other inflammatory and prejudicial comments." He accuses the circuit court of committing plain error by including specific acts in its verdict-directing instruction, by admitting hearsay evidence, and by not instructing the jury that it should determine whether his statement to police was voluntary. He attacks, for the first time in this appeal, the constitutionality of § 491.075, RSMo 1994, which governs admissibility of a child's hearsay comments in a sexual abuse case. He finally suggests that he should get

a new trial because of "the cumulative errors of the trial court which prejudiced [him] by depriving him of his [constitutional] rights[.]" We find no merit in any of his contentions and affirm the circuit's judgment.

Long's first point is that the state's evidence was not sufficient to support the jury's verdict. He argues that the state's only evidence of molestation was his daughter's statements which were "inherently contradictory." He noted that his daughter testified that she talked with a person from the Division of Family Services on January 25, 1996, and then spoke to a sheriff's detective "a couple of minutes" later. The detective testified that he had talked to the girl on January 26, not January 25. He also noted that his daughter testified that she did not know what time her father awakened her when he came into her bedroom—only that it was early—but she had told her mother and the detective before trial that her father awakened her at about 5 A.M. "Due to these contradictions in the testimony of the state's witnesses," Long argues, "[the victim's] testimony standing alone cannot support a conviction of the defendant." We disagree.

■■■ At trial, the girl testified that Long got into bed with her and began rubbing his penis. She said that he took her hand and had her rub his penis for a brief time. This was sufficient to convict him. The contradictions noted by Long created credibility issues for the jury to resolve, *State v. Sumowski*, 794 S.W.2d 643, 645 (Mo. banc 1990), and we defer to the jury's resolution of any conflicts in the testimony. *State v. Dulany*, 781 S.W.2d 52, 55 (Mo. banc 1989). The point is without merit.

■■■ In his second point, Long complains that the prosecutor's information did not aver enough facts to inform him adequately of the cause and nature of the charges against him and that it did not allege the elements of the statute's definition of "sexual contact," specifically, the requisite intent element. We find no merit to this point, either. Long's remedy for not understanding the facts averred was to seek a bill of particulars under Rule 23.04. His failure to do so waived any complaint about the sufficiency of the facts averred in the infor-

mation. Rule 24.04(b)2; *State v. Williams*, 611 S.W.2d 26, 31 (Mo. banc 1981). As to the remainder of Long's point concerning the prosecutor's failure to make specific allegations concerning intent, this court has rejected the same argument in at least three previous cases stating that the indictment is sufficient where it contains all the elements of the statute. *State v. Urban*, 798 S.W.2d 507, 511–12 (Mo.App.1990), *overruled on other grounds* in *State v. Carson*, 941 S.W.2d 518 (Mo. banc 1997); *State v. Stark*, 728 S.W.2d 301, 303 (Mo.App.1987); and *State v. Fults*, 719 S.W.2d 46, 50 (Mo.App.1986).

The state's information was adequate. It charged the offense in the language of the statute and recited all of the elements set out in the statute. Section 566.067.1, RSMo Supp.1996, says that "[a] person commits the crime of child molestation in the first degree if he subjects another person who is less than twelve years of age to sexual contact," and § 566.010(3), RSMo Supp.1996, defines "sexual contact" as "any touching of another person with the genitals ... for the purpose of arousing or gratifying sexual desire of any person[.]" The prosecutor's information said:

> [T]he defendant, PAUL M. LONG, ... in violation of Section 566.067, RSMo, committed the class C felony of child molestation in the first degree punishable upon conviction under Sections 558.011 and 560.011, RSMo, in that on or about December 24, 1995, in the County of Platte, State of Missouri, the defendant subjected [his daughter] who was then less than twelve years old to sexual contact.

This was sufficient to apprise Long of the facts constituting the crime charged and to allow him to prepare an adequate defense. *State v. Barnes*, 942 S.W.2d 362, 367–68 (Mo. banc 1997). The circuit court did not err in not dismissing the information.

In his third point, Long complains that the circuit court erred by allowing the prosecuting attorney to suggest, through his cross-examination questions, that he had told police that at one point his daughter "had a hold of my thing." Long complains also that the circuit court allowed the prosecutor to

repeat this phrase during closing argument. Long denies using the phrase and contends that the record does not support a suggestion that he did. During the prosecutor's cross-examination, he asked:

Q. ... Now, whenever you were talking to Detective [Robert] Burdiss about his incident[—]well, how you described it as, ["S]he had [a hold] of my thing.["] Whenever you were telling Detective Burdiss about when she had [a hold] of your thing, you couldn't remember the time period then. Isn't that true?

A. No. I had to think about it. I know it was[—]it felt like a few months ago, but after I thought about it and thought about it and recollected when it was, then I remembered.

■ Long did not object to the prosecutor's use of the phrase, so he did not preserve the issue for our review.

■ Under Rule 30.20, we do not have authority to review a claim as plain error unless the claim, on its face, establishes substantial grounds for our believing that manifest injustice or a miscarriage of justice has resulted from it. *State v. Brown*, 902 S.W.2d 278, 284 (Mo. banc), *cert. denied*, 516 U.S. 1031, 116 S.Ct. 679, 133 L.Ed.2d 527 (1995); *State v. Clemons*, 946 S.W.2d 206, 224 (Mo. banc), *cert. denied*, —— U.S. ——, 118 S.Ct. 416, 139 L.Ed.2d 318 (1997). This is not such a claim. Long accepted the attorney's description of his statement. We do not discern any ground—much less substantial ground—for believing that a miscarriage of justice occurred, so we deny Long's request for plain error review.

Long's fourth point complains of the prosecutor's closing argument. He protests the prosecutor's referring to him as a "molester." He challenges the prosecutor's commenting about witnesses' credibility—his making such comments as:

If you were going to lie and fabricate a story, would this be the story that you would honestly come up with? No. Common sense tells you that. Common sense tells you that the very nature of the story, of what happened on that night is, in fact, the truth. It rings true.

Long protests the prosecutor's "attacking" his attorney with such comments as: "It's not what Mr. [James] Chancellor wants you to believe." He argues that this implied that his defense was not truthful. He also complains that the prosecutor argued facts not in evidence.

■ His complaint is that the circuit court did not declare, *sua sponte*, a mistrial or take other action. Again, because Long did not object to any of these arguments, we are authorized to review them only as plain error. We will not review this complaint as plain error. The Supreme Court has instructed that relief should be granted on an assertion of plain error as to matters contained in closing argument only under extraordinary circumstances, *State v. Silvey*, 894 S.W.2d 662, 670 (Mo. banc 1995), and we do not discern extraordinary circumstances.

In his fifth point, Long again asks for our review of an issue as plain error. He complains that the circuit court's verdict-directing instruction did not hypothesize specific facts regarding the sexual contact. This, he asserts, allowed the jury to convict him on facts other than those charged in the information or presented by the state.

■ Again, we deny his request for review. The instruction tracked MAI–Cr 3d 320.17, the pattern instruction for the charge of first-degree child molestation, and reflected the elements of § 566.067.1, RSMo Supp.1996. For an issue of error in an instruction to constitute plain error, the instruction must misdirect the jury to the point of creating a miscarriage of justice. *State v. Fowler*, 938 S.W.2d 894, 898 (Mo. banc 1997). This necessarily means that a circuit court's use of an applicable instruction cannot, by definition, constitute plain error.

■ Long's sixth point also asks us to review an issue as plain error. He contends that the circuit court erred in admitting the victim's hearsay statements to her mother and to a police detective. We find no basis for plain error review. The circuit court held a hearing not attended by the jury and determined the reliability of the victim's state-

ments. The circuit court admitted the statements pursuant to § 491.075, RSMo 1994.[1] This was not plain error. *State v. Brown*, 912 S.W.2d 643, 645 (Mo.App.1995).

 In his seventh point, Long challenges the constitutionality of § 491.075 on ground that it violated his right to laws' equal protection. He raises the issue for the first time on appeal. His waiting until the appeal stage to challenge the statute's constitutionality does not preserve the issue for our review. *State v. Naucke*, 829 S.W.2d 445, 460 (Mo. banc 1992). We decline plain error review given the Supreme Court's rejection of the same contention in *State v. Wright*, 751 S.W.2d 48, 51–52 (Mo. banc 1988).

 His eighth point is that the circuit court erred by not including MAI–Cr 310.06 in the jury instructions. Because the issue is not preserved, he again asks us to review it as plain error. We decline because the pattern instruction relates to the voluntariness of a defendant's confession, and Long, rather than confessing, denied sexually abusing his daughter.

In his final point, Long complains of "cumulative errors ... which prejudiced [him] by depriving him of his rights to due process, fair trial, equal protection, and to be free from cruel and unusual punishment[.]" The Supreme Court has rejected this point: "Numerous non-errors cannot add up to error.... Having determined that none of defendant's previous points amount to reversible error, there can be no reversible error attributable to their cumulative effect." *State v. Gray*, 887 S.W.2d 369, 390 (Mo. banc 1994), *cert. denied*, 514 U.S. 1042, 115 S.Ct. 1414, 131 L.Ed.2d 299 (1995).

For these reasons, we affirm the circuit court's judgment.

BRECKENRIDGE, P.J., and LOWENSTEIN, J., concur.

---

1. Section 491.075.1 says, "A statement made by a child under the age of twelve relating to an offense under chapter 565, 566 or 568, RSMo, performed with or on a child by another, not otherwise admissible by statute or court rule, is admissible in evidence in criminal proceedings in the courts of this state as substantive evidence to prove the truth of the matter asserted if: (1)[t]he court finds, in a hearing conducted outside the presence of the jury that the time, content and circumstances of the statement provide sufficient indicia of reliability; and (2)(a) [t]he child testifies at the proceedings; or (b) [t]he child is unavailable as a witness; or (c) [t]he child is otherwise physically available as a witness but the court finds that the significant emotional or psychological trauma which would result from testifying in the personal presence of the defendant makes the child unavailable as a witness at the time of the criminal proceeding."