STATE of Missouri, Plaintiff–
Respondent,

v.

Rusty MANN, Defendant–Appellant.

No. 23475.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 29, 2001.

914

Nancy A. McKerrow, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Stephanie Morrell, Asst. Atty. Gen., Jefferson City, for respondent.

SHRUM, Judge.

Rusty L. Mann ("Defendant") appeals his conviction for child molestation, § 566.067, and sexual misconduct involving a child by indecent exposure, § 566.083.[1] Upon recommendation by the jury, the trial court sentenced Defendant to seven years' imprisonment for child molestation and five years' imprisonment for the sexual misconduct involving a child. The court ordered the sentences to be served consec-

<hr />

1. All statutory references are to RSMo 1994,    unless otherwise indicated.

utively. On appeal Defendant makes two claims of reversible error regarding the admission into evidence of a videotaped interview of the child victim and testimony of certain witnesses. We find no error. We affirm.

Defendant does not challenge the sufficiency of the evidence, nor does he assert error in allowing the *contents* of the videotape or the testimony to be heard by the jury; rather, he alleges the trial court abused its discretion in allowing *cumulative* evidence. Accordingly, it is not necessary to describe the vile details of the offense charged and found by the jury to have been committed.

After the crime occurred, the child victim ("D.R.") related her version of the events to numerous people including her mother ("Mother"), her neighbor ("Dorothy"), Defendant's mother, a school nurse ("Myra"), and a case manager at the Child Advocacy Center ("Angela"). Mother, Dorothy, and Myra all testified at trial as to what D.R. told them relating to the crime, and each person's testimony was substantially the same with only minor variations. Additionally, the court admitted into evidence a 27 minute videotaped interview with D.R. conducted by Angela. In the videotaped interview, D.R. gave essentially the same accounts of the crimes as she gave in her "live" testimony at trial. The videotape was admitted despite De-

fendant's objections that "playing the videotape would be improperly bolstering her testimony and ... repetitive." Additionally, Defendant noted he was not at the interview and could not cross-examine D.R. at that time; consequently, "the videotapes violate his right to confront and cross-examine the witnesses against him."

■ In part, Defendant's first point maintains the trial court abused its discretion when it allowed the videotape to go before the jury because such evidence "improperly bolstered the in-court testimony of [D.R.] ... [and] was duplicative and corroborative of the testimony she gave from the witness stand, and the State thereby gained an undue advantage with its presentation." This argument ignores § 492.304, specifically subsections 1 and 3 thereof. Section 492.304.1 lists seven prerequisites to the use of the videotape, and Defendant does not claim any of the requirements went unfulfilled here.[2] Section 492.304.3 provides:

> "If the visual and aural recording of a verbal or nonverbal statement of a child is admissible under this section and the child testifies at the proceeding, *it shall be admissible in addition to the testimony of the child at the proceeding whether or not it repeats or duplicates the child's testimony.*" (Emphasis added).

■ Normally, the issue of control of cumulative evidence is committed to the

---

2. In pertinent part, § 492.304.1 provides:
    "1. [T]he visual and aural recording of a verbal ... statement of a child when under the age of twelve who is alleged to be a victim of an offense under the provisions of chapter 565, 566 or 568, RSMo, is admissible into evidence if:
    "(1) No attorney for either party was present when the statement was made;
    "(2) The recording is both visual and aural and is recorded on ... videotape ...;
    "(3) The recording equipment was capable of making an accurate recording, the operator ... was competent, and the recording is accurate and has not been altered;

"(4) The statement was not ... in response to questioning calculated to lead the child to make a particular statement ...;
    "(5) Every voice on the recording is identified;
    "(6) [The interviewer] is present at the proceeding and available to testify or be cross-examined by either party; and
    "(7) The defendant or the attorney for the defendant is afforded an opportunity to view the recording before it is offered into evidence."

sound discretion of the trial court.[3] *State v. Kidd,* 990 S.W.2d 175, 180[7] (Mo.App. 1999). However, in this instance the legislature specifically mandated this type of evidence "shall be" admitted "whether or not it repeats or duplicates" in-court testimony. "Where the language of the statute is clear, courts must give effect to the language used by the legislature." *State v. Burns,* 978 S.W.2d 759, 761[6] (Mo.banc 1998). This is what the trial judge did here, i.e., he followed the clear, unambiguous language of § 492.304.3. The statute itself (1) renders the videotape admissible and (2) demonstrates the frivolous nature of this part of Defendant's point relied on.

■ Second, Defendant contends, as part of his first point, the trial court erred in admitting the videotape "because that ruling violated [Defendant's] right to confrontation." Defendant does not, however, support this assertion with an argument or citation of supporting authority in the argument portion of his brief.[4] Failing to do so results in there being nothing for this court to review. *State v. Nicklasson,* 967 S.W.2d 596, 608[17] (Mo.banc 1998); *State v. Downen,* 3 S.W.3d 434, 438[9] (Mo.App. 1999).

■ Gratuitously, we note Defendant's "confrontation" argument was answered adversely to him by the Missouri Supreme Court in *Schaal,* 806 S.W.2d 659. The court stated: "By any calculation, Section 492.304 satisfies a defendant's right to confrontation. The statutory requirement that the child witness be *available* to testify at trial, under oath, and subject to the

fact finder's observation of demeanor ... guarantees that right." (Emphasis added). *Id.* at 663[3]. Although the 1986 version of § 492.304 was implicated in *Schaal,* we believe that case controls the disposition here because the RSMo 1994 version affords an accused even more protection than the statute at issue in *Schaal.* Thus, under § 492.304, RSMo 1994, not only does the victim have to be *available* to testify, but the statute specifically requires the victim to *actually* testify before the videotape can be admitted as evidence. Defendant's contention that he must be allowed to confront or cross-examine the witness at the time the videotape was made is wholly without merit.

■ Finally, Defendant's first point includes a contention that the trial court erred in admitting the videotape "because that ruling violated [Defendant's] right ... to due process and a fair trial." As before, however, Defendant fails to support this claim of trial court error with an argument and citation of supporting authority in the argument section of his brief. Because of this briefing deficiency, Defendant has failed to preserve his due process claims for review. *Downen,* 3 S.W.3d at 438[9]. Furthermore, Defendant did not object to the videotape at trial on the basis that § 492.304 violated his constitutionally guaranteed rights to due process and a fair trial. Constitutional claims are deemed to be waived if not presented to the trial court at the first opportunity. *State v. Parker,* 886 S.W.2d 908, 925[59] (Mo.banc 1994). Point denied.

■ In Defendant's second point relied on, he claims the trial court plainly erred

3. Defendant uses the terms "cumulative evidence" and "improper bolstering" interchangeably. Although not *technically* correct, there is no logical distinction in this case. *See State v. Harris,* 711 S.W.2d 881, 885[5] (Mo.banc 1986) (holding corroborative evidence must stand the test of cumulative evidence).

4. In so stating, we do not ignore Defendant's citation of *State v. Seever,* 733 S.W.2d 438

(Mo.banc 1987), nor do we ignore the general proposition stated in *Seever,* namely, that "the legislature's authority to enact evidentiary statutes is circumscribed by constitutional provisions." *Id.* at 440. However, the *Seever* case never reached the constitutional issue of "confrontation." The question of whether § 492.304 violated an accused's constitutional right to confrontation was decided in *State v. Schaal,* 806 S.W.2d 659 (Mo.banc 1991).

in allowing the testimony of Mother, Dorothy, and Myra to be heard by the jury because this was merely duplicative testimony which constituted improper bolstering. However at trial, Defendant based his objections on the unreliability of the statements. Defendant acknowledges this fact and asks this court for plain error review under Rule 30.20.[5]

"The issue of whether the admission of testimony which tends to bolster the testimony of a child victim of sexual abuse constitutes plain error has been decided in a number of Missouri cases.... 'Absent a proper objection, the admission of evidence which may have the effect of "bolstering" the testimony of a child victim is not plain error.'" *State v. Phelps,* 816 S.W.2d 227, 231 (Mo.App.1991) (citations omitted). Point denied.

The judgment of the trial court is affirmed.

PARRISH, P.J., and MONTGOMERY, J., concur.

**5.** In pertinent part, Rule 30.20 provides: "[P]lain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom."