STATE of Missouri, Respondent,

v.

Fredric **ROGERS**, Appellant.

No. WD 58492.

Missouri Court of Appeals, Western District.

July 31, 2001.

Ellen H. Flottman, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for Respondent.

PAUL M. SPINDEN, Chief Judge.

Fredric Rogers appeals the circuit court's judgment in which it convicted him of sodomy. His only complaint concerns a statement that a member of the venire, Jack Dreyer, gave during *voir dire*. Rogers' attorney asked the venire whether any of them knew Rogers. Dreyer answered, "I'm not positive. I recently retired as a correction officer and [was] just [wondering] if I have had association with this individual." Roger's attorney responded, "If you had seen him or associated with him[,] do you know him personally?" Dreyer answered, "Personally, no."

■ Rogers asserts that, despite his not objecting or asking the circuit court to take any action, the circuit court should have declared a mistrial *sua sponte* after Dreyer's answer because "the entire panel was tainted by Mr. Dreyer's comment which implied that [Rogers] had prior convictions and which the jury could have used as evidence of [his] guilt in this case[.]" Rogers acknowledges that he has not preserved the matter for our review but asks us to review it as plain error pursuant to Rule 30.20.

The rule grants us authority to consider "plain errors affecting substantial rights . . . when [we find] that manifest injustice or miscarriage of justice has resulted" from the plain error. The rule is a conundrum. Although it restricts our authority to review unpreserved error to cases of plain error in which we find manifest injustice or a miscarriage of justice, making a finding of manifest injustice or miscarriage of justice seems tantamount to review.

■ The Supreme Court suggested in *State v. Brown*, 902 S.W.2d 278, 284 (Mo. banc), *cert. denied*, 516 U.S. 1031, 116 S.Ct. 679, 133 L.Ed.2d 527 (1995), that it intended for the enigmatic rule to mean that we should first examine whether the claim of plain error is one that, on its face, establishes substantial grounds for believing that manifest injustice or miscarriage of justice has occurred. Only then should we review the claim to determine whether manifest injustice or a miscarriage of justice actually occurred. If we find that the claim of plain error does not facially establish substantial grounds for believing that manifest injustice or miscarriage of justice has occurred, we should decline to exercise our discretion to review a claim of error under Rule 30.20. *Id.* "The rule makes it clear that not all prejudicial error—that is, reversible error—can be deemed plain error." *State v. Dowell*, 25 S.W.3d 594, 606 (Mo.App.2000). "Plain error" is evident, obvious and clear error. *State v. Bailey*, 839 S.W.2d 657, 661 (Mo.App.1992).

We do not discern, on its face, obvious and clear error in this case; therefore, we decline Rogers' request to review the matter under Rule 30.20. In reaching this conclusion, we draw heavily on *State v. Childress*, 882 S.W.2d 691, 695 (Mo.App. 1994), and *State v. Crenshaw*, 852 S.W.2d 181, 184 (Mo.App.1993). Rogers' case is markedly similar to the facts in those cases.

VICTOR C. HOWARD, Judge, and LISA WHITE HARDWICK, Judge, concur.