In the Matter of the CARE AND TREATMENT OF Jess HEIKES, a/k/a Jess H. Heikes, a/k/a Jesse Heikes, a/k/a Jessie H. Heikes, a/k/a Jessie Herman Heikes, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 64088.

Missouri Court of Appeals,
Western District.

June 14, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 2, 2005.

Application for Transfer Denied
Sept. 20, 2005.

Emmett D. Queener, Assistant State Public Defender, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel L. Massey, Assistant Attorney General, Jefferson City, MO, for respondent.

Before: ELLIS, P.J., and SPINDEN and HOWARD, JJ.

VICTOR C. HOWARD, Judge.

Appellant Jess Heikes ("Heikes") appeals from a judgment in the Circuit Court of Buchanan County finding Heikes to be a sexually violent predator and confining Heikes to a secure facility. In his sole point on appeal, Heikes argues the probate court plainly erred in admitting evidence that Heikes has antisocial personality disorder and in committing Heikes to involuntary civil commitment based on that disorder. Heikes claims that omission of personality disorders from the statutory definition of a sexually violent predator indicates a legislative intent that personality disorders not serve as the basis for subjecting a person to involuntary civil commitment as a sexually violent predator. For the reasons set forth below, the judgment of the probate court is affirmed.

## Background

The State of Missouri filed a civil commitment petition in the Circuit Court of Buchanan County, Probate Division, pursuant to sections 632.480 through 632.513,[1] requesting that the court find Heikes to be a sexually violent predator and commit Heikes to the custody of the Department of Mental Health for treatment until he is no longer a threat to society.

Several witnesses testified for the State at the bench trial. The State's witnesses testified that Heikes had been engaging in predatory sexual behavior since 1971. Heikes' behavior included inappropriate touching and fondling of females, verbally and physically threatening females who did not acquiesce to his sexual demands, spying on females in restrooms and locker rooms, and exposing himself to females.

Heikes was convicted of assault in 1971, assault with intent to rape in 1973, arson in 1976, burglary in 1981, third degree assault in 1997, invasion of privacy in 1999, and first-degree sexual assault in 2000. Heikes was also charged with open and

---

1. Statutory references are to Revised Statutes of Missouri Cumulative Supplement 2004, which incorporates the 2002 amendments to section 632.480.

gross lewdness in 1974 (disposition of charges unknown) and 1976 (charges dismissed). Another woman testified that Heikes raped her when she was twelve years old and that Heikes threatened to slit her throat if she told anybody. This case was never charged or prosecuted.

The State called Dr. James Reynolds ("Dr. Reynolds"), the medical director of the Northwest Missouri Psychiatric Rehabilitation Center, who conducted a sexually violent predator evaluation of Heikes. Dr. Reynolds examined some of Heikes' probation and parole records and prepared a written report detailing the findings. Dr. Reynolds testified to the following: Heikes was diagnosed as having both anti-social personality disorder ("APD") and voyeurism. Voyeurism is a condition causing an individual, for a period of greater than six months, to have powerful and recurring fantasies of watching unsuspecting people undressing or having sex or actually engaging in such behavior on at least one occasion. Several factors are considered in determining whether an individual has APD: (1) evidence of a conduct disorder by the age of fifteen; (2) caring only about one's own needs; (3) failing to consider the rights of others; (4) deceitfulness; (5) irresponsibility; and (6) lack of remorse. Records revealed that Heikes had problems prior to the age of fifteen, such as fighting, school suspensions, stealing, and running away from home. Heikes tended to be deceitful by denying things he had done in the past, even if he had previously admitted to doing them. Heikes had never held a job for more than eleven months and was not diligent about seeking jobs or remaining employed once he had a job, indicating a lack of responsibility. Heikes' being unapologetic about being unfaithful to his wife and making excuses about his criminal behavior also indicated a lack of responsibility. Heikes also showed a lack of remorse for prior indiscretions, indicating

both a lack of responsibility and disregard for the rights of others. Heikes' personality and his deviant sexual interests indicate that he is predisposed to commit sexually violent acts. Heikes has a long-term pattern of sexually criminal behavior, and it appears that Heikes' sex crimes are becoming more serious and violent. Dr. Reynolds concluded with reasonable medical certainty that Heikes suffers from a mental abnormality that makes him more likely than not to engage in predatory acts of sexual violence if not confined in a secure facility and that Heikes meets the definition of a sexually violent predator.

Heikes did not introduce any evidence and did not testify on his own behalf. The probate court determined that Heikes is a sexually violent predator because he suffers from a mental abnormality making him more likely than not to engage in predatory acts of sexual violence if he is not confined in a secure facility. The probate court entered judgment on March 10, 2004, committing Heikes to the custody of the Department of Mental Health to be held in a secure facility until such time as his mental abnormality is changed so that he can be safe at large. This appeal follows.

## Discussion

In his sole point on appeal, Heikes argues the probate court plainly erred in admitting evidence that Heikes has antisocial personality disorder and in committing Heikes to involuntary civil commitment based on that disorder. Heikes claims that omission of personality disorders from the statutory definition of a sexually violent predator indicates a legislative intent that personality disorders not serve as the basis for subjecting a person to involuntary civil commitment as a sexually violent predator.

■ "Objections to the admission of evidence must be timely and specific." *Connour v. Burlington N. R.R.*, 889 S.W.2d 138, 141 (Mo.App. W.D.1994). Heikes concedes that he did not object to the admission of evidence regarding the presence of APD. Therefore, our only review is for plain error.

■ Under plain error review, an appellate court "should first examine whether the claim of plain error is one that, on its face, establishes substantial grounds for believing that manifest injustice or miscarriage of justice has occurred." *State v. Rogers*, 51 S.W.3d 879, 880 (Mo.App. W.D. 2001).[2] If plain error is facially established, an appellate court should then review the claim "to determine whether manifest injustice or a miscarriage of justice actually occurred." *Id.* If a claim of plain error does not facially establish substantial grounds for believing manifest injustice or miscarriage of justice has occurred, an appellate court should decline to review for plain error. *Id.*

■ Plain error review is seldom granted in civil cases and "may not be invoked to cure the mere failure to make proper and timely objections." *Guess v. Escobar*, 26 S.W.3d 235, 241 (Mo.App. W.D.2000). The plain error rule " 'does not justify a review of every alleged trial error that has not been properly preserved for appellate review.' " *Messina v. Prather*, 42 S.W.3d 753, 763 (Mo.App. W.D.2001) (quoting *State v. Valentine*, 646 S.W.2d 729, 731 (Mo.1983)).

Section 632.480 provides, in relevant part:

As used in sections 632.480 to 632.513, the following terms mean:

. . . .

(2) "Mental abnormality", a congenital or acquired condition affecting the emotional or volitional capacity which predisposes the person to commit sexually violent offenses in a degree constituting such person a menace to the health and safety of others;

(3) "Predatory", acts directed towards individuals, including family members for the primary purpose of victimization;

. . . .

(5) "Sexually violent predator", any person who suffers from a mental abnormality which makes the person more likely than not to engage in predatory acts of sexual violence if not confined in a secure facility and who:

(a) Has pled guilty or been found guilty, or been found not guilty by reason of mental disease or defect pursuant to section 552.030, RSMo, of a sexually violent offense; or

(b) Has been committed as a criminal sexual psychopath pursuant to section 632.475 and statutes in effect before August 13, 1980.

■ In support of his point on appeal, Heikes argues that APD is not a mental abnormality that falls within the definition of section 632.480(5), so evidence of APD was inadmissible at trial on this issue. Heikes claims that it was manifest injustice for the probate court to admit evidence of APD, because Dr. Reynolds stated that the presence of voyeurism *in combination* with the presence of APD was a mental abnormality. Heikes argues that without evidence of APD, involuntary civil commitment is not justified. Heikes claims that because section 632.480(5) does not include "personality disorder" in its definition of "sexually violent preda-

---

**2.** The Rule of Civil Procedure regarding plain error (Rule 84.13) and the Rule of Criminal Procedure (Rule 30.20) regarding plain error are substantially similar such that cases construing one may be equally applicable to plain error review under the other.

tor," this indicates that the Missouri legislature specifically chose to omit the presence of a personality disorder from the type of conditions that bring Missouri citizens under the law.[3] Heikes concludes that this means the Missouri legislature specifically chose to exclude people suffering from personality disorders from the definition of a sexually violent predator, so the State may not now confine Heikes as a sexually violent predator on the basis of a personality disorder.

The Eastern District recently decided this issue in *In re Pate,* 137 S.W.3d 492 (Mo.App. E.D.2004). The appellant in *Pate* was diagnosed with narcissistic personality disorder with antisocial features. *Id.* at 495. The appellant argued that "because the phrase 'personality disorder' is not encompassed in the [Sexually Violent Predator] statutes, the legislature meant to exclude those disorders from the category of 'mental abnormality.'" *Id.* at 497. *Pate* rejected the appellant's argument, finding that (1) the appellant's disorder was a "congenital or acquired condition" pursuant to section 632.480(3); (2) the appellant's disorder affected his "emotional or volitional capacity which would predispose the person to commit sexually violent offenses" pursuant to section 632.480(3); and (3) the appellant had serious difficulty controlling his behavior. *Id.* at 497–98. *Pate* concluded that the appellant's personality disorder qualified as a mental abnormality under Missouri's Sexually Violent Predator statute and affirmed the probate court judgment of civil confinement. *Id.* at 498.

We agree with the Eastern District that a personality disorder can constitute a mental abnormality if all of the statutory elements are met. In the instant case, Heikes displayed all three statutory elements of a mental abnormality pursuant to section 632.480(3). First, Heikes' APD is an acquired condition in that he displayed serious behavior problems prior to turning fifteen. Second, Heikes' disorder affects his emotional and volitional capacity to the point that he is predisposed to commit sexually violent offenses because he is sexually aggressive and fails to exhibit victim empathy or to take any responsibility for his behavior. Third, Heikes' numerous sex offenses (both convictions and uncharged offenses) indicate that he has serious difficulty controlling his behavior. Therefore, Heikes qualifies for commitment as a sexually violent predator.

Accordingly, Heikes' claim that the trial court erred by admitting evidence that Heikes suffered from APD does not, on its face, establish substantial grounds for believing that manifest injustice or miscarriage of justice has occurred.

### Conclusion

For the foregoing reasons, the judgment of the probate court is affirmed.

ELLIS, P.J., and SPINDEN, J., concur.

---

3. Heikes points out that in Kansas, the statutory definition of sexually violent predator does include personality disorders. Kan. Stat. Ann. § 59–29a02(a) Cum.Supp. 2004, defines "sexually violent predator" as: "any person who has been convicted of or charged with a sexually violent offense and who suffers from a mental abnormality or personality disorder which makes the person likely to engage in repeat acts of sexual violence."