**STATE of Missouri, Plaintiff–Respondent,**

v.

**Thomas R. GRIFFIN, Defendant–Appellant.**

**No. 26503.**

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 25, 2005.

Petition for Rehearing and Transfer
Denied Sept. 16, 2005.

Application for Transfer Denied
Nov. 1, 2005.

Kent Denzel, Assistant Public Defender, Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Linda Lemke, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

JAMES K. PREWITT, Judge.

Thomas R. Griffin ("Appellant") appeals his conviction of first-degree child molestation. Appellant was sentenced to eight years' imprisonment.

Appellant was charged by the State ("Respondent") with the class C felony of child molestation in the first degree, in that he knowingly subjected T.A.D. to sexual contact "on or about and between January 1, 1992, and December 31, 1994." T.A.D., born September 13, 1986, was less than twelve years old at the time of the alleged incidents. Appellant allegedly lived "off and on" with his sister, Scarlet Enke ("Mother"), outside Steeleville, Missouri during this time period. Appellant testified he stayed there from March to June of 1993.

Mother's bedroom was at one end of the trailer, and T.A.D.'s bedroom, which she shared with a brother, was on the other side of the trailer. According to the testimony of T.A.D. and Mother, Appellant slept in a middle bedroom closer to T.A.D.'s bedroom. Appellant testified he slept on the living room couch.

T.A.D. testified that, on her seventh birthday and again on Christmas Eve of the same year, Appellant came to her bedroom, awakened her, took her to his bedroom, bent her over his bed and rubbed her buttocks with his penis. He then left the room and returned to "wipe [her] butt."

T.A.D. told Mother these allegations when she was twelve years old. Mother immediately called a physician who said proving the abuse would be difficult.

When Mother called the DFS hotline, she testified DFS "basically said it would be his word against her word." Mother did not pursue these allegations until she discovered her nieces, J.E. and S.E., made similar allegations against Appellant. J.E. and S.E. testified that Appellant made similar contact with them when he lived at their home in Detroit, Michigan.

Appellant was charged with first-degree statutory sodomy on April 14, 2003. The information was amended on July 15, 2003 and again on September 17, 2003, and June 18, 2004, charging Appellant with child molestation in the first degree, a class B felony. Trial was held on June 23, 2004. The jury found Appellant guilty of child molestation in the first degree, and Appellant was sentenced to a term of eight years' imprisonment. Notice of Appeal was filed on September 3, 2004.

Appellant presents three points on appeal. First, he contends he was convicted of an *ex-post facto* crime, as the statute under which he was charged, section 566.067, RSMo 2000, was not enacted within the period of time Respondent alleges the crime occurred. Secondly, Appellant contends that the trial court should have acted *sua sponte* to prevent prosecutor from making improper statements during the State's closing argument. Finally, Appellant contends that the trial court erred in permitting Respondent to elicit hearsay testimony from Mother that "violated Appellant's right to due process of law and to a fair trial." None of these claims were raised at trial. Appellant contends plain error review is required to prevent the "manifest injustice or a miscarriage of injustice that will result" if left uncorrected.

■ Where "the charged party does not raise an issue concerning the validity of his indictment before or during the trial, but

raises it for the first time on appeal, then review of the alleged error is far more limited than would otherwise be the case." *State v. Pride,* 1 S.W.3d 494, 502 (Mo.App. 1999). In addition to proving that there was an error in the indictment, the charged party must demonstrate actual prejudice and must also prove that the indictment " 'does not by any reasonable construction charge the offense of which the defendant was convicted' " or that " 'the substantial rights of the defendant to prepare a defense and plead former jeopardy in the event of acquittal are prejudiced.' " *Id.,* quoting *State v. Parkhurst,* 845 S.W.2d 31, 35 (Mo.banc 1992).

■ "The plain error rule should be used sparingly and does not justify a review of every alleged trial error that has not been properly preserved for appellate review." *State v. White,* 92 S.W.3d 183, 189 (Mo.App.2002). "Plain error is error that is evident, obvious and clear." *Id.* "The proper parameters of plain error review are established by the text of Rule 30.20 itself[,]" *State v. Campbell,* 122 S.W.3d 736, 740 (Mo.App.2004), which reads:

> Allegations of error that are not briefed or are not properly briefed on appeal shall not be considered by the appellate court except errors respecting the sufficiency of the information or indictment, verdict, judgment, or sentence. Whether briefed or not, plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom.

■ "A plain reading of the rule indicates that plain error review involves a two-step process." *State v. Scurlock,* 998 S.W.2d 578, 586 (Mo.App.1999). The first step is to determine whether the asserted claim facially establishes substantial

grounds for believing a manifest injustice or miscarriage of justice occurred. *Id.* If facially-substantial grounds are found to exist, the appellate court should then move to the second step and "review the claim to determine whether manifest injustice or a miscarriage of justice has actually occurred." *State v. Rogers,* 51 S.W.3d 879, 880 (Mo.App.2001). If we find the claim of error does not "facially establish substantial grounds for believing that manifest injustice or miscarriage of justice has occurred," the appellate court should decline to exercise its discretion to review the claim of plain error. *Id.*

■ In point one, Appellant contends section 566.067, RSMo 2000, "Child molestation in the first degree," did not exist during the period of time the crime allegedly occurred, and Appellant's conviction "would inexorably result in manifest injustice." Respondent concedes prosecutorial error in charging Appellant under the 2000 statute instead of the statute applicable to the period stated in the information when the crime was alleged to have occurred. Appellant is correct that section 566.067 was not in force during the period of time alleged in the information. It was enacted in 1994, but was not effective until January 1, 1995.

The State charged Appellant under section 566.067(1), RSMo 2000, which states: "A person commits the crime of child molestation in the first degree if he or she subjects another person who is less than fourteen years of age to sexual contact." "Sexual contact," under section 566.010(2), RSMo 2000, is defined as "any touching of another person with the genitals or any touching of the genitals or anus of another person, or the breast of a female person, or such touching through the clothing, for the purpose of arousing or gratifying sexual desire of any person." Section 566.067.2, RSMo 2000, classifies child mo-

lestation as a class B felony, and section 558.011(2), RSMo 2000, authorizes "a term of years not less than five years and not to exceed fifteen years" upon conviction of a class B felony.

The date of the commission of an offense determines which version of a statute applies. *See Prapotnik v. Crowe*, 55 S.W.3d 914, 919 (Mo.App.2001). The second amended information filed by the State on June 18, 2004 alleged "that on or about and between January 1, 1992, and December 31, 1994," Appellant subjected victim, who was less than twelve years of age, to sexual contact. Therefore, section 566.100(2), RSMo Supp.1991, effective August 28, 1991, would be the appropriate statute under which Appellant should have been charged with "sexual abuse in the first degree." It provides, in part: "A person commits the crime of sexual abuse in the first degree if: ... (2) He subjects another person who is less than twelve years old to sexual contact." "Sexual contact" under section 566.010(2), RSMo Supp.1991, is defined as "any touching of the genitals or anus of any person, or the breast of any female person, or any such touching through the clothing, for the purpose of arousing or gratifying sexual desire of any person[.]" Section 566.100.2, RSMo Supp.1991, provides that "Sexual abuse in the first degree is a class D felony" which is punishable upon conviction for "a term of years not to exceed five years[,]" under section 558.011(4), RSMo Supp.1991.

"The prohibition against *ex post facto* laws prohibits any law that provides for punishment for an act that was not punishable when it was committed or that imposes an additional punishment to that in effect at the time the act was committed." *State ex rel. Nixon v. Pennoyer*, 39 S.W.3d 521, 522 (Mo.App.2001). *Ex post facto* laws have two elements: they must be retrospective, and they must disadvantage the affected offender. *Id.* at 522–523.

With the exception of the penalty, sections 566.067(1), RSMo 2000 and 566.100(2), RSMo Supp.1991 are substantively identical. The conduct the jury found occurred was a crime within the dates charged. An indictment is not necessarily insufficient merely because statutory references are omitted or the wrong statutes cited. *State v. LaPlant*, 673 S.W.2d 782, 785 (Mo.banc 1984). Only if the indictment or information was so deficient that the defendant was not placed on notice as to what crime he was being charged with, or was so lacking that the defendant was unable to properly prepare a defense will we conclude that such a defendant has suffered actual prejudice. *State v. Briscoe*, 847 S.W.2d 792, 794–95 (Mo.banc 1993). "The test for the sufficiency of an indictment or information is whether it contains all of the elements of the offence and clearly apprises the defendant of the facts constituting the offense." *State v. Barnes*, 942 S.W.2d 362, 367 (Mo.1997). Here, the information stated a crime during the time charged and of which the jury found Appellant guilty. The errors in the information did not affect its validity.

However, an enhanced penalty which violates the *ex post facto* laws works a manifest injustice. *State v. Heckenlively*, 83 S.W.3d 560, 568 (Mo.App.2002). In *Heckenlively*, sentencing under an amended version of the statute improperly subjected defendant to a greater punishment for his offense than that proscribed at the time of the offense. *Id.* Under the statute existing at the time of the offense, Appellant cannot be sentenced to more than five years. Section 558.011(4), RSMo Supp. 1991. Manifest injustice will result if the sentence is left uncorrected. Point one has merit as to the sentence.

■ In point two, Appellant contends the prosecutor's closing argument violated his rights to due process and a fair trial and that, if uncorrected, will inexorably result in manifest injustice. During the closing argument, prosecutor Sidney Pearson III asked the jury to consider "if there's not a finding of guilt, how many other little girls are out there, how many other little girls are going to suffer the same thing that happened to these three?" Pearson added, "[H]e doesn't live in your community; it's not going to happen here, but it's going to happen somewhere. And it'll happen to some little girl[.]"

■ Relief should be granted on an assertion of plain error as to matters contained in closing argument only under extraordinary circumstances. *State v. Long*, 972 S.W.2d 559, 562 (Mo.App.1998). In the absence of an objection and a request for relief, the trial court's options are narrowed to uninvited interference with summation and a corresponding increase of error by such intervention. *State v. Silvey*, 894 S.W.2d 662, 670 (Mo.banc 1995). Brief, isolated, nonrepetitive remarks of state counsel in closing remarks rarely call for plain error review. *State v. Kennedy*, 107 S.W.3d 306, 316 (Mo.App.2003).

In his closing remarks, Pearson recounted the evidence of three young girls who alleged Appellant performed sexual conduct in a similar fashion, discussed the conduct of defense witnesses, and made particular note of T.A.D.'s testimony. Even if an abuse of discretion is shown, a defendant must prove that the abuse prejudiced his or her case, i.e., that there was a reasonable probability that, absent the abuse, the verdict would have been different. *State v. Hope*, 954 S.W.2d 537, 542 (Mo.App.1997). Plain error review is not merited, because the evidence presented indicates that Pearson's comments did not change the result. Point two is denied.

In point three, Appellant contends admission of Mother's testimony that T.A.D. told her, "Uncle Tommy stuck his weenie in my butt[,]" was improper. He states the child's testimony was not sufficient to support the charge, and her mother testifying to what T.A.D. told her prevents Appellant from having "all practical rights of cross-examination."

■ To establish plain error due to the erroneous introduction of evidence, there must be apparent prejudice and prejudice is not considered apparent when there is ample other evidence to support the conviction. *State v. Campbell*, 122 S.W.3d 736, 741 (Mo.App.2004). At the time of the trial, T.A.D. was seventeen years old. T.A.D. testified to Appellant waking her up, taking her to his bedroom, bending her over his bed, walking off to the bathroom, returning to wipe her buttocks with tissue, and taking her back to her bedroom. T.A.D. stated this occurred on two separate occasions that she could clearly recall. She testified that Appellant rubbed his penis on her bottom. Since Appellant bent her over onto the bed with her face down into a pillow, she stated she only saw Appellant as he brought her into the bedroom and when he returned with tissue. She heard Appellant remove his trousers and heard "different movements" behind her. T.A.D. testified to pain in her rectum shortly thereafter.

■ Appellant contends touching of the butt or buttocks as opposed to the anus does not constitute sexual contact, citing *State v. Hahn*, 35 S.W.3d 393, 395 (Mo.App.2000), and that T.A.D.'s testimony is insufficient for conviction. However, Appellant's attorney cross-examined both T.A.D. and Mother. Appellant had the opportunity to confront his accuser, T.A.D., and Mother. The issue of whether the admission of testimony which tends to

bolster the testimony of a child victim of sexual abuse constitutes plain error has been decided in a number of Missouri cases. *See State v. Mann,* 35 S.W.3d 913, 917 (Mo.App., 2001). Absent a proper objection, the admission of evidence which may have the effect of "bolstering" the testimony of a child victim is not plain error. *Id.* Point three is denied.

Appellant's sentence is vacated and the cause remanded to the trial court for resentencing consistent with this opinion. In all other respects, the judgment is affirmed.

PARRISH, J., and RAHMEYER, J., concur.