

# MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | **WD76754** |
| Respondent, | ) | |
| v. | ) | **OPINION FILED:** |
| | ) | |
| DENNIS L. GRAY, | ) | **October 28, 2014** |
| | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Gentry County, Missouri**
**Honorable Corey Keith Herron, Judge**

**Before Division Three:  Gary D. Witt, P.J.,**
**Joseph M. Ellis, and Thomas H. Newton, JJ.**

Mr. Dennis L. Gray appeals his conviction of sexual contact with a student, § 566.086.[1]  We reverse and remand.

## Factual and Procedural Background

In 2012, Mr. Gray was a bus driver transporting students to schools during the 2011-2012 school year, which ended in May 2012.  In June 2012, Mr. Gray visited one of the students at her house.  Mr. Gray had been the student's bus driver since the eighth grade.   She obtained a car in the tenth grade and stopped riding the bus in March 2012.

---

[1] Statutory references are to RSMo 2000 and the Cumulative Supplement 2011.

1

At the time of the visit, the student's mother was at the home. The student had not invited Mr. Gray over, but she spoke with him briefly at the door for fifteen minutes. The mother told Mr. Gray that she was going to work. Mr. Gray and the student hugged; immediately thereafter, "he put his finger between [her] breasts and kind of wiggled it." She was shocked, and Mr. Gray left.

Mr. Gray quickly returned to the student's house after her mother left for work. The student and Mr. Gray talked for a moment, and then he grabbed the back of her neck, pulled her in, and kissed her on the lips. He asked if the kiss was okay, to which she responded that she thought of him as a grandfather. After the encounter, he left.

Later, the student gave a statement to the police that Mr. Gray had wiggled his finger in between her breasts. After an investigation, Mr. Gray was arrested and charged with the class D felony of sexual contact with a student, § 566.086, for being a person employed by an entity that contracts with the school district and knowingly having sexual contact with a student.

At the jury trial, the student testified that Mr. Gray wiggled his finger "down at the bottom, just in between" and touched both of her breasts. She also testified that she did not consent to the touch. The student's account was adduced from other witnesses, including the mother, a police detective, and an investigator.

Additionally, Mr. Gray's former manager testified that the bus company that employed Mr. Gray for the last twenty years had a contract with the school district to provide transportation for the students. The manager testified that the bus drivers who were eligible to receive unemployment benefits during the months off would receive

them until the next school year started. The manager further testified that the plan was for Mr. Gray to return and drive the school bus for the 2012-2013 school year, but he terminated Mr. Gray on July 16, 2012, after he was arrested for having sexual contact with the student. On recross-examination, the manager claimed that the bus drivers were sent a letter at the end of the school year, informing them that they were no longer employees of the bus company. He also stated that Mr. Gray was not an employee of the bus company on the date of the incident because there was no work for him, and he was receiving unemployment benefits.

At the close of the State's case, Mr. Gray moved for an acquittal on the ground that he was not an employee of the bus company at the time of the incident. He argued that he was receiving unemployment benefits at the time of the incident. He further argued that the term "employee" should be defined according to Chapter 288, the employment security provisions, because it defines "what an employee is or a person entitled to unemployment benefits is under the law." The trial court deferred ruling on the motion for judgment of acquittal, and it denied Mr. Gray's motion to dismiss the charge.

The jury returned a guilty verdict. The trial court sentenced him to four years in prison, suspended the execution of that sentence, and placed him on probation for five years. Mr. Gray appeals.

## Legal Analysis

Mr. Gray raises two points. In the first point, Mr. Gray argues that the trial court erred in denying his motion to dismiss and motion for judgment of acquittal because the charging document was defective. He claims that the information failed to state an

3

offense because it failed to allege that his touching of the breast was for the purpose of arousing or gratifying the sexual desire of a person, an "essential element" of sexual contact with a student.

A charging document is sufficient if "it contains all the essential elements of the offense as set out in the statute creating the offense." *State v. Haynes*, 17 S.W.3d 617, 619 (Mo. App. W.D. 2000) (internal quotation marks, brackets, and citation omitted). To prevail on a defective indictment claim, prejudice must be shown; this is because "th[e] . . . guarantee [under the Missouri Constitution][2] is not to a technically perfect indictment, but to demand notice of the criminal nature and the factual foundation of the crime charged." *State v. Isa*, 850 S.W.2d 876, 887 (Mo. banc 1993).

Section 566.086.1, in relevant part, states that "[a] person commits the crime of sexual contact with a student if he or she has sexual contact with a student of the public school and is: . . . [a] person employed by an entity that contracts with the public school district to provide services." "Sexual contact" is defined as "any touching of another person with the genitals or any touching of the genitals or anus of another person, or the breast of a female person, or such touching through the clothing, for the purpose of arousing or gratifying sexual desire of any person." § 566.010(3).

Mr. Gray cannot show prejudice. Mr. Gray was charged with violating section 566.086. The State alleged that "on or about June 13, 2012, . . . , the defendant was an employee of an entity that contracts with the . . . School District to provide services, and

---

[2]Article I, section 18(a), of the Missouri Constitution "guarantees a defendant only the right to 'demand the nature and cause of the accusation.'" *State v. Isa*, 850 S.W.2d 876, 887 (Mo. banc 1993).

4

knowingly had sexual contact with . . . a student of the . . . School District by touching her breast with his finger." Because "sexual contact" is statutorily defined, Mr. Gray was aware that the State was also alleging that the specified touching was "for the purpose of arousing or gratifying [his] sexual desire." *See State v. O'Connell*, 726 S.W.2d 742, 747 (Mo. banc 1987) (finding a defendant was sufficiently notified because a term stated in the charging document had a statutory definition providing the additional elements, although the charging document did not allege them). Mr. Gray's first point is denied.

In the second point, Mr. Gray argues that the trial court erred in denying his motion for judgment of acquittal because the evidence was insufficient. He claims that the evidence failed to show that he was an employee of the company at the time of the offense.

The test for sufficiency of the evidence is "whether there is sufficient evidence from which a reasonable juror could have found the defendant guilty beyond a reasonable doubt." *State v. Whalen*, 49 S.W.3d 181, 184 (Mo. banc 2001). In doing so, we view the:

> evidence in the light most favorable to the State and . . . grant the State all reasonable inferences from the evidence. [The Court] disregard[s] contrary inferences, unless they are such a natural and logical extension of the evidence that a reasonable juror would be unable to disregard them. Taking the evidence in this light, [the Court] consider[s] whether a reasonable juror could find each of the elements beyond a reasonable doubt.

*Id.* Contradictions in the evidence are credibility issues for the jury's resolution, to which we defer. *State v. Long*, 972 S.W.2d 559, 561 (Mo. App. W.D. 1998); *see also State v. O'Brien*, 857 S.W.2d 212, 215 (Mo. banc 1993).

5

Mr. Gray argues that the bus company no longer employed him at the time of the incident because the evidence showed that he was a recipient of unemployment benefits. Alternatively, he argues that if the meaning of "employed by" is ambiguous in the context of the statute, we must construe it in his favor as a matter of law, citing for support *State v. Johnson*, 244 S.W.3d 144 (Mo. banc 2008).[3]  The State asserts that the evidence was sufficient for a reasonable juror to determine that Mr. Gray was temporarily laid off during the summer months, but was employed by the bus company until being terminated after the arrest.  We have not found case law addressing this issue.[4]  Therefore, we must ascertain whom the legislature intended to reference in section 566.086 when it chose the phrase "a person employed by."  *See State v. Rodgers*, 396 S.W.3d 398, 401 (Mo. App. W.D. 2013).  In doing so, we give "employed by" its plain and ordinary meaning, absent a statutory definition.  *Id.*  "If a particular term is given a definition 'within a statute,' the courts must effectuate the legislature's definition."  *Id.*

---

[3] *See Daub v. Maryland Cas. Co.*, 148 S.W.2d 58, 60 (Mo. App. 1941) (stating that "employed" is an ambiguous term and finding that its ambiguity had to be construed in favor of the insured).

[4] Our research has produced a case in which the court interpreted "employed" as used in another offense statute criminalizing the employment of a child under the age of fourteen.  *See State v. Deck*, 83 S.W. 314, 315 (Mo. App. 1904) ("Undoubtedly one cannot be employed unless his time is occupied at something to which he is giving his attention, skill, or labor.").

6

No statutory definitions exist for "employed by." However, our statutes define "employee" in at least three different chapters.[5] Those statutory definitions suggest that a person is an employee if that person is providing a service, and not if the person had provided services in the past.[6] Applying the definitions, the evidence conclusively shows that Mr. Gray was not an employee of the bus company in June 2012 because he was not performing any service for that company, and he was not under a contract.

The State claims that Mr. Gray was still "employed by" the bus company, despite the fact that was not providing service as a bus driver, because he was temporarily laid off during the summer months. The State relies on *Irwin v. Globe-Democrat Pub. Co.*, 368 S.W.2d 452, 455 (Mo. 1963), for support. First, it should be noted that the manager of the bus company did not testify that Mr. Gray or any of its school bus drivers had been "laid off" for the summer. In fact, the manager stated that Mr. Gray "was not [an employee of the bus company on the date of the incident], because he was drawing unemployment benefits." Although it is logical to infer that Mr. Gray had to be employed by the bus company in order for the company to have "terminated" him, said termination does not determine whether the bus company employed Mr. Gray in June 2012.

---

[5] Chapter 285, "Employers and Employees Generally," defines "'employee' [as] any individual who *performs services* for an employer that would indicate an employer-employee relationship in satisfaction of the factors in IRS Rev. Rule 87-41, 1987-1 C.B.296." § 285.500 (emphasis added). Chapter 287, "Workers' Compensation Law," defines "employee," in relevant part, as "every person *in the service* of any employer, as defined in this chapter, under any contract of hire, express or implied, oral or written, or under any appointment or election, including executive officers of corporations." § 287.020 (emphasis added). Chapter 290, "Wages, Hours and Dismissal Rights," defines "employee" as "every woman or man *in receipt of or entitled to compensation for labor* performed for any employer." § 290.400 (emphasis added).

[6] There is an exception to that rule in that a person who is laid off may still be employed according to the terms of a contract. *See, e.g.*, *ACF Indus. Inc. v. Indus. Comm'n*, 320 S.W.2d 484, 491(Mo. banc 1959) (interpreting the term "layoff" in the union contract to *not* mean "termination of employment").

Second, the State's reliance on *Irwin* is misplaced. In *Irwin*, a certain group of local union workers decided not to report for work during the strike of their employer by an unaffiliated labor union. *Id.* at 453. While the strike continued, the employer sold its physical property for its business to another company. *Id.* Thereafter, the workers asked if they should come into the building after the strike was over. *Id.* at 454. The employer informed the workers that it no longer employed them. *Id.* The workers prevailed in a lawsuit against the employer for dismissal pay as provided to laid-off workers in the union's collective bargaining agreement with the employer. *Id.* at 453. The employer appealed the trial court's judgment, claiming that the workers were not entitled to dismissal pay because they were discharged and not laid off. *Id.* at 455. The *Irwin* court, in distinguishing laid-off employees from discharged ones, focused on the nature of separation from employment. *Id.* It found that a layoff is a temporary termination of employment with re-employment rights, but a discharge is a permanent termination. *Id.* at 456. Thus, the State's reliance on *Irwin* is misplaced because it does not support a finding that laid-off employees are still employed by the employer.

Chapter 288 contains the employment security law. An individual who is unemployed, has been determined to be an insured worker, and has satisfied other conditions is entitled to benefits. § 288.040. "Totally unemployed" means that "the individual performs no services and with respect to which no wages are payable to such individual." § 288.030.1(28). Under this law, a person is unemployed if he or she is temporarily laid off. *See Mauller v. Div. of Emp't Sec.*, 331 S.W.3d 714, 719 (Mo. App. W.D. 2011) ("[E]mployees who are laid off for a period of time due to a lack of work

8

such as a lay off may be eligible for benefits while they are 'temporarily unemployed.'"); *see also* § 288.040.1(3)(b). Our supreme court has defined "layoff" to be "the end to an employment relation." *Billings v. Div. of Emp't Sec*. 399 S.W.3d 804, 808 (Mo. banc 2013). It further found that a person may still be employed, even if that person does not report to the workplace or perform services for the employer, as long as the person is receiving "actual work pay," as opposed to "severance pay" or "furlough pay." *Id.*

Mr. Gray was unemployed under the law because he was not receiving actual work pay from the bus company. Section 566.086.1(6) requires a showing that the perpetrator "is . . . employed by an entity that contracts with the school district." The evidence showed that Mr. Gray was employed by such an entity, but not at the time that he had sexual contact with the student victim. Accordingly, the evidence presented does not support a finding to substantiate a conviction of the offense, as charged, that Mr. Gray was "employed by" an entity that contracts with the school district when he had sexual contact with the student. These facts are insufficient to show employment in June 2012, thus, that offense should not have been submitted to the jury. Consequently, the motion for judgment of acquittal should have been granted. We grant Mr. Gray's second point.

## Conclusion

Therefore, we reverse the conviction of sexual contact with a student. However, there was sufficient evidence to support a conviction of first-degree sexual misconduct, § 566.090 (sexual contact without consent). We "may enter a conviction for a lesser offense if the evidence was sufficient for the jury to find each of the elements and the jury was required to find those elements to enter the ill-fated conviction on the greater

9

offense." *Whalen*, 49 S.W.3d at 187-88; *but see State v. Mack*, 12 S.W.3d 349 (Mo. App. W.D. 2000) (finding a lesser-included offense available after finding insufficient evidence to support a conviction for the greater offense, but failing to enter a conviction, due to uncertainty in facts). Thus, we remand the case for the trial court to enter a conviction against Mr. Gray for the lesser-included offense of first-degree sexual misconduct and to sentence him accordingly. *See Whalen*, 49 S.W.3d. at 188; *see also State v. Minner*, 256 S.W.3d 92, 95-96 (Mo. banc 2008) (entering a conviction for the lesser-included offense after overturning the conviction for insufficiency of the evidence).

/s/THOMAS H. NEWTON___
Thomas H. Newton, Judge

Witt, P.J., and Ellis, J. concur.

10