

# Missouri Court of Appeals

## Southern District

### Division One

STATE OF MISSOURI,               )
                                 )
    Plaintiff-Respondent,        )
                                 )
vs.                              )     No. SD33994
                                 )
RAYMOND ROBERT GANNAWAY, II,     )    **Filed:  August 4, 2016**
                                 )
    Defendant-Appellant.         )

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Calvin R. Holden

## AFFIRMED

Raymond Robert Gannaway, II, ("Defendant") appeals his convictions, following a jury trial, for first-degree statutory sodomy, *see* Section 566.062, and attempted statutory rape, *see* Sections 566.032, 564.011.[1]  His first point claims his due process rights were violated when the trial court allowed jurors to submit questions to witnesses. His second point claims there is not sufficient evidence to support his convictions.

---

[1] References to Section 564.011 are to RSMo (2000).  All other statutory references are to RSMo Cum.Supp. (2007).

Because his first point is not preserved for appellate review, and sufficient evidence supports his convictions, we affirm.

### *Point One: Defendant's Constitutional Argument is Not Preserved*

Defendant's first point claims the trial court erred in overruling his continuing objection to the process of allowing jurors to submit questions, filtered through the court, to witnesses at trial. Defendant does not argue that any specific question was improper or prejudicial nor that any question solicited improper or prejudicial information from a responding witness. Rather, Defendant argues that the *process* of allowing jurors to submit questions to witnesses in a criminal case, by itself, violated Defendant's rights to due process and equal protection of the law such that he was deprived of a fair trial.

Before addressing the merits of Defendant's argument that the process used by the trial court violated his constitutional rights, it must first be determined whether the claims were preserved for appellate review.

> This Court has clearly set out that in order to preserve a constitutional issue for appeal a party must (1) raise the constitutional issue at the first available opportunity, (2) specifically designate the constitutional provision claimed to have been violated by express reference to the article and section of the constitution or by quoting the provision itself, (3) state the facts showing the violation; and (4) preserve the constitutional question throughout for appellate review.

*State v. Williams*, 904 S.W.2d 103, 105 (Mo. App. E.D. 1995) (internal quotations omitted); *see also* *State v. Knifong*, 53 S.W.3d 188, 192 (Mo. App. W.D. 2001) (applying standard to constitutional challenge of jury instruction).

> Because an appellate court is not a forum in which new points will be considered, but is merely a court of review to determine whether the rulings of the trial court, as there presented, were correct, a party seeking the correction of error must stand or fall on the record made in the trial court, thus it follows that only those objections or grounds of objection

2

which were urged in the trial court, without change and without addition, will be considered on appeal.

**State v. Davis**, 348 S.W.3d 768, 770 (Mo. banc 2011) (quoting **State v. Thomas**, 969 S.W.2d 354, 355 (Mo. App. W.D. 1998)).

A few days prior to trial, the court advised both parties he intended to allow jury questions.[2] Then after *voir dire*, Defendant objected to the juror questioning procedure for a "couple" of reasons. First, Defendant argued that the process was "a violation of due process and a violation of [Defendant's] rights under both the United States Constitution and the Missouri." In support, Defendant argued that jurors could potentially form negative inferences against Defendant if a question they posed was not asked.

Defendant also claimed error because there was no "MAI approved instruction for criminal procedure" that allowed jurors to pose questions to witnesses. The court overruled Defendant's objections reasoning that allowing jurors to ask questions "increases their ability to remember the evidence and follow the evidence."

Defendant argues now that he was exposed to various risks that other defendants do not face as a result of this questioning, and that the resulting "disparate treatment" violated Defendant's rights to "procedural due process and to equal protection of the laws as guaranteed by the 14th Amendment to the U.S. Constitution and article I, Section 2 of the Missouri Constitution[.]"

For several reasons, Defendant's constitutional challenge to the process used by the trial court is not preserved for our review. First, Defendant did not alert the trial

---

[2] The trial began on Monday, March 30, 2015, and the parties were informed at least as early as the preceding week that the court intended to allow questions from jurors.

court to the particular constitutional provision that he claimed was being violated by providing either citations to the specific article and section or simply quoting the provision. *See **Knifong***, 53 S.W.3d at 193 (holding that a challenge as to a verdict director being unconstitutionally vague was not sufficiently specific where counsel argued the verdict director "violates defendant's due process rights" but did not discuss a specific provision of the Missouri or United States Constitution); ***State v. Tisius***, 362 S.W.3d 398, 405 (Mo. banc 2012) (a constitutional claim of error must include citation to a specific constitutional section to be preserved for appellate review). He merely stated there was a violation of due process under the United States and Missouri Constitutions. Therefore, Defendant's objection was not sufficiently specific to preserve the constitutional issue he now brings on appeal.

Second, Defendant expands upon the grounds for objection raised in the trial court. Defendant abandons the only constitutional objection raised in the trial court— that Defendant's due process rights were violated because jurors could draw negative inferences if questions they submitted were not asked. Instead, he argues that his rights to due process *and* equal protection were violated based on eight newly raised arguments. But Defendant must rely on the same grounds as those argued in his objection to the trial court and may not broaden that objection on appeal. ***State v. Driskill***, 459 S.W.3d 412, 426 (Mo. banc 2015); ***Tisius***, 362 S.W.3d at 405. To the extent that it expands upon the argument presented to the trial court, Defendant's argument is unpreserved.

Third, Defendant's constitutional claim was not included in his motion for new trial. "To preserve a constitutional question for review on appeal, it must be preserved in the motion for new trial." ***State v. Cella***, 32 S.W.3d 114, 117 (Mo. banc 2000). "The

4

requirements that a claim be raised in a motion for a new trial and adequately covered in the party's brief stem from the longstanding requirement that constitutional questions, once raised, be preserved and 'kept alive' throughout a case." ***Mayes v. St. Luke's Hosp. of Kansas City***, 430 S.W.3d 260, 269 n. 14 (Mo. banc 2014). "To keep a constitutional question alive, it must be raised in a motion for a new trial[.]" ***Id.*** No constitutional question with respect to the process of juror-submitted questions to witnesses was included in Defendant's motion for new trial. Thus, his challenge is not preserved, and he is not entitled to review. ***Cella***, 32 S.W.3d at 117.

Furthermore, Defendant has not requested plain error review on this issue.[3] Point one is denied.

### Point Two: Sufficient Evidence Supports Defendant's Convictions

Defendant's second point claims that "[t]he trial court erred in denying the motion for judgment of acquittal at the close of the State's evidence, because there was insufficient evidence as a matter of law to establish guilt beyond a reasonable doubt and the weight of the evidence was against the verdict[.]" Before we proceed to the merits of Defendant's argument, it must be noted that "[a]n appellate court does not engage in a weight-of-the-evidence review in a criminal case." ***State v. Cole***, 384 S.W.3d 318, 321 (Mo. App. S.D. 2012). Thus, we limit our review to whether sufficient evidence

---

[3] Even if he had, such review would not have produced any relief because no error, let alone plain error, was committed here. Missouri courts have repeatedly stated that permitting or denying juror questions is within the discretion of the trial court and that discretion is not abused by allowing juror-submitted questions where "excessive questions by one or more jurors of one or more witnesses [is] avoided" and the process is conducted "according to pre-set rules and clear guidelines[.]" ***City of Springfield v. Thompson Sales Co.***, 71 S.W.3d 597, 602 (Mo. banc 2002); *see also* ***Callahan v. Cardinal Glennon Hosp.***, 863 S.W.2d 852, 866–67 (Mo. banc 1993). At Defendant's trial, excessive questions were not submitted by any juror or asked of any witness. The trial court also acted under "pre-set rules and clear guidelines" in allowing jurors to submit questions which were filtered through the trial court. Under these circumstances there was no abuse of discretion. *See* ***Thompson Sales Co.***, 71 S.W.3d at 602.

supported Defendant's convictions for first-degree statutory sodomy and attempted statutory rape.

"Appellate review of sufficiency of the evidence is limited to whether the state has introduced sufficient evidence from which a reasonable juror could have found each element of the crime beyond a reasonable doubt." *State v. Hosier*, 454 S.W.3d 883, 898 (Mo. banc 2015). This Court "does not reweigh the evidence but, rather, considers it in the light most favorable to the verdict and grants the state all reasonable inferences." *Id.* All evidence and inferences contrary to the verdict are disregarded. *State v. Nash*, 339 S.W.3d 500, 509 (Mo. banc 2011).

Defendant was charged with statutory sodomy in the first degree under Section 566.062 and attempted statutory rape in the first degree under Section 566.032. "A person commits the crime of statutory sodomy in the first degree if he has deviate sexual intercourse with another person who is less than fourteen years old." § 566.062.1. Deviate sexual intercourse is defined as:

> [A]ny act involving the genitals of one person and the hand, mouth, tongue, or anus of another person or a sexual act involving the penetration, however slight, of the male or female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person or for the purpose of terrorizing the victim[.]

§ 566.010.1.

"A person commits the crime of statutory rape in the first degree if he has sexual intercourse with another person who is less than fourteen years old." § 566.032. "A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the

6

offense." § 564.011.1. "A 'substantial step' is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense." *Id.*

Victim testified that Defendant knelt down behind her while she was lying on a mattress, unzipped his pants, took out his penis, pulled down her pants, and touched her anus with his penis. Victim also testified that Defendant attempted to penetrate her vagina with his penis, but was not "able to actually get it inside[.]" Victim was approximately nine years old at the time of these offenses. Defendant also admitted to a friend that Defendant had been caught having sex with Victim by Victim's parents and that Victim was younger than twelve. From this evidence, a reasonable juror could have found each element of statutory sodomy in the first degree and attempted statutory rape beyond a reasonable doubt.

Defendant argues that the State submitted circumstantial evidence, Victim's testimony was inconsistent, and the evidence of Defendant's guilt was not corroborated. However, "we need not disturb the result simply because the case depended . . . partially upon circumstantial proof[,]" *State v. Grim*, 854 S.W.2d 403, 406 (Mo. banc 1993); any purported inconsistencies in the testimony were for the jury to resolve, *State v. Porter*, 439 S.W.3d 208, 214 (Mo. banc 2014); and "[a] criminal conviction may be sustained by the victim's testimony alone, even if that testimony is uncorroborated."[4] *State v. Jackson*, 439 S.W.3d 276, 278 (Mo. App. E.D. 2014). Defendant's remaining arguments all relate to the reliability, credibility, or weight afforded to witness

---

[4] Before it was abolished in *Porter*, 439 S.W.3d at 212, an exception to this general rule, the "corroboration rule," was sometimes applied in sexual offense cases. Now, "Missouri appellate courts reviewing the sufficiency of the evidence to support a conviction for a sex crime, as in all other criminal cases, will review challenges to the sufficiency of the evidence pursuant to generally applicable standard of review." *Id.* at 212-13.

7

testimony, but each of those determinations were for the jury, as the fact-finder in this case, to determine. ***State v. Cannafax***, 344 S.W.3d 279, 284 (Mo. App. S.D. 2011).

Viewed under our required standard of review, sufficient evidence supports Defendant's convictions. Point two is denied.

## **Decision**

Defendant's convictions are affirmed.


MARY W. SHEFFIELD, C.J. – OPINION AUTHOR

JEFFREY W. BATES, P.J. – CONCURS

DON E. BURRELL, J. – CONCURS