JEFFREY W. BATES, J.
Following a jury trial, Scott Ingalsbe (Defendant) was convicted of two counts of sexual misconduct in the first degree for offenses that occurred in July and September 2016. See § 566.093.[1] The trial court sentenced Defendant to serve one year in the county jail on each count.[2] Defendant contends there was insufficient evidence to support his convictions. We find no merit in that contention. The trial court committed plain error, however, by imposing a penalty for each conviction that exceeded the maximum allowed by law. The convictions are affirmed, the sentences are vacated, and the case is remanded to the trial court for resentencing.
Factual and Procedural Background
"We consider the facts and all reasonable inferences derived therefrom in a light most favorable to the verdict, and we reject all contrary evidence and inferences." State v. Campbell , 122 S.W.3d 736, 737 (Mo. App. 2004) ; see also State v. Johns , 34 S.W.3d 93, 103 (Mo. banc 2000). Viewed from that perspective, the following facts were adduced at trial.
Branson Hills Parkway Incident (Count 1)
Early in the morning on July 19, 2016, Janette Etz (Etz) and her friend Deborah Lale (Lale) were walking along the paved path near the Branson Hills Parkway. People frequently walk and run on this path on the way to the Branson Rec-Plex. As Etz and Lale were walking, Etz was startled by a sound. She turned to see Defendant standing by the nearby bushes, "totally naked and masturbating[.]" Etz testified that she felt shocked and scared. She yelled for Lale to run, and they both fled down the path and away from Defendant. Etz and Lale observed Defendant run out of the wooded area. He was wearing an orange plaid shirt and drove away *518 in his distinctive blue truck with a white stripe.
Branson Rec-Plex Incident (Count 2)
On September 30, 2016, Kelsey Howerton (Howerton) and her two children were at the Branson Rec-Plex, in the playground area by the pool. Defendant was sitting at the picnic table closest to the playground, facing away from the table and watching the play area. He was wearing a black knee brace and athletic shorts. Howerton could see that Defendant had his hand up the leg of his shorts, "stroking" his exposed penis. With the other hand, Defendant was holding up his cellular phone, pointing the camera towards the playground. Howerton's friend, Nichole McElvain, also "clearly" saw that Defendant had his hand in his pants. Upon realizing that the women had noticed him, Defendant stood up abruptly, which caused him to drop his phone. He walked briskly away. Carolyn Clark, another parent at the park with her children, followed Defendant and saw him drive away in his "blue and white truck."
Branson police officers received a call reporting a vehicle that matched the description of the truck from the incidents. Officers subsequently ascertained that it was registered to Defendant. A search warrant was executed at Defendant's residence. Investigators found Defendant's black knee brace, his cell phone, and an orange plaid shirt similar to the description of what Defendant was wearing on the day of the first incident. When questioned, Defendant admitted that he had visited the Rec-Plex on September 30th and was wearing jogging shorts on that day. Five witnesses identified Defendant in a photo lineup.
In October 2016, Defendant was charged by information with committing two counts of a class A misdemeanor, in violation of § 566.093.1(1), on July 19, 2016 (Count 1) and on September 30, 2016 (Count 2). Each count alleged that Defendant had a prior Virginia conviction for indecent exposure.
The case was tried in June 2017. At the commencement of that proceeding, the trial court found "beyond a reasonable doubt that the defendant has a prior conviction from the Commonwealth of Virginia which would be classified as an offense under Chapter 566 of the RSMo if the offense had occurred in the State of MO, thereby enhancing this to a class A misdemeanor."
At the close of the State's evidence, Defendant's motion for judgment of acquittal was denied. Defendant did not testify or call any witnesses. Defendant subsequently moved for a judgment of acquittal at the close of all evidence, which the trial court also denied. Thereafter, the jury found Defendant guilty on both counts of sexual misconduct in the first degree. This appeal followed. Additional facts will be set forth below as we address Defendant's points.
Discussion of Point 1 and 2
On appeal, Defendant contends the trial court erred in overruling his motions for judgment of acquittal because there was insufficient evidence to establish guilt beyond a reasonable doubt.[3] Defendant argues that all of the State's evidence was circumstantial and contradictory. We find no merit in this argument.[4]
*519 An appellate court's role in reviewing the sufficiency of the evidence to support a criminal conviction is limited to determining whether there was sufficient evidence from which a reasonable fact-finder could have found each element of the offense to have been established beyond a reasonable doubt. State v. Nash , 339 S.W.3d 500, 508-09 (Mo. banc 2011) ; State v. Bateman , 318 S.W.3d 681, 686-87 (Mo. banc 2010) ; State v. Williams , 469 S.W.3d 6, 8 (Mo. App. 2015). In reviewing the sufficiency of the evidence, all evidence favorable to the State is accepted as true, including all favorable inferences drawn from the evidence. Bateman , 318 S.W.3d at 687. All evidence and inferences to the contrary are disregarded. Id . An appellate court "will not weigh the evidence anew since the fact-finder may believe all, some, or none of the testimony of a witness when considered with the facts, circumstances and other testimony in the case." State v. Freeman , 269 S.W.3d 422, 425 (Mo. banc 2008) (internal quotations omitted). In addition, "[t]he State may rely upon direct and circumstantial evidence to meet its burden of proof." State v. Burks , 373 S.W.3d 1, 3 (Mo. App. 2012). "[C]ircumstantial evidence is afforded the same weight as direct evidence." State v. Stewart , 265 S.W.3d 309, 314 (Mo. App. 2008).
Insofar as relevant here, § 566.093 states that "[a] person commits the offense of sexual misconduct in the first degree if such person ... [e]xposes his or her genitals under circumstances in which he or she knows that his or her conduct is likely to cause affront or alarm[.]" § 566.093.1(1).
As to Count 1, Etz testified that Defendant was standing near the public pathway, completely naked, exposing his genitals and masturbating. Etz was shocked and scared. She later identified Defendant in a photo lineup and at trial. Etz's testimony was sufficient to meet each element of the crime. See State v. Porter , 439 S.W.3d 208, 211 (Mo. banc 2014) (a witness' testimony is generally sufficient evidence to sustain a conviction); State v. Ervin , 835 S.W.2d 905, 921 (Mo. banc 1992) (the testimony of a single witness can be sufficient to make a submissible case). These cases refute Defendant's argument that the testimony of Etz alone was insufficient to sustain his conviction on Count 1. In addition, Etz and Lale both identified Defendant's vehicle, and the unique clothing described by the witnesses was found by officers during a search of Defendant's residence.
As to Count 2, Howerton described Defendant's conduct in detail-that he had his penis out of his shorts, exposed to the public (including children on the playground), and that he was masturbating. During a photo lineup and in open court, three witnesses identified Defendant as the person at the playground. One witness identified Defendant's vehicle. Defendant told an investigating officer that he was at the Rec-Plex on the day of the incident. During a search of Defendant's residence, officers found a black knee brace described by all three witnesses.
We find no merit in Defendant's arguments that: (1) the State's evidence was only circumstantial evidence; (2) the witnesses' testimony was inconsistent; and (3) the evidence of Defendant's guilt was not corroborated. Etz and Howerton each testified about seeing Defendant commit *520 the charged offenses. Therefore, the argument that the evidence was all circumstantial is not borne out by our review of the record. Moreover, "we need not disturb the result simply because the case depended ... partially upon circumstantial proof." State v. Grim , 854 S.W.2d 403, 406 (Mo. banc 1993). Any purported inconsistency in the testimony was an issue for the jury to resolve, and the corroboration rule has been abolished. See Porter , 439 S.W.3d at 212, 214 ; State v. Jackson , 439 S.W.3d 276, 278 (Mo. App. 2014). Defendant's arguments disregard our standard of review and all relate to the reliability, credibility, or weight afforded to the witnesses' testimony. Those decisions are for the jurors, as the fact-finders, to make. State v. Cannafax , 344 S.W.3d 279, 284 (Mo. App. 2011).
The evidence was sufficient for a reasonable juror to conclude beyond a reasonable doubt, as to each count, that Defendant exposed his genitals under circumstances in which he knew that his conduct was likely to cause affront or alarm. Therefore, we affirm Defendant's convictions for sexual misconduct in the first degree in violation of § 566.093.1(1). Defendant's two points are denied.
Plain Error Occurred in Sentencing
Although Defendant has not challenged the length of his sentences on appeal, we are permitted to review the issue sua sponte for plain error. See Rule 30.20; State v. Kimes , 234 S.W.3d 584, 590 (Mo. App. 2007).[5] "Being sentenced to a punishment greater than the maximum sentence for an offense constitutes plain error resulting in manifest injustice." State v. Severe , 307 S.W.3d 640, 642 (Mo. banc 2010) ; see also State v. Turrentine , 524 S.W.3d 55, 59, 62 (Mo. App. 2016). The sentencing error in this case arose from the fact that § 566.093 was amended in 2014 to permit out-of-state convictions to be used to enhance punishment, but that amendment did not take effect until January 1, 2017.
Defendant was convicted of two counts of the crime of sexual misconduct in the first degree in violation of § 566.093.1(1). Those charges were based upon conduct that took place in July and September 2016. In 2016, the maximum term of imprisonment for a class B misdemeanor was six months. § 558.011.1(6). The maximum term for a class A misdemeanor was one year. § 558.011.1(5). The penalty provision of § 566.093.2 in effect in 2016 stated that "[t]he offense of sexual misconduct in the first degree is a class B misdemeanor unless the person has previously been found guilty of an offense under this chapter , in which case it is a class A misdemeanor." § 566.093.2 (italics added).[6]
As noted above, § 566.093.2 was amended in 2014 as a part of the substantial revisions to the Missouri Criminal Code. See § 566.093.2 RSMo (2016). The new penalty provision, which took effect on January 1, 2017, permits enhancement of punishment to a class A misdemeanor if the defendant "has previously been found guilty of an offense under this chapter, or has previously been found guilty of an *521 offense in another jurisdiction which would constitute an offense under this chapter ...." Id . (italics added). The State relied upon this amended penalty provision in charging Defendant with a class A misdemeanor, based upon his prior conviction in Virginia. The trial court also relied on this amended penalty provision by finding that Defendant had an out-of-state conviction and imposing an enhanced sentence for that reason.
The amendment to the penalty provision in § 566.093.2, however, cannot be applied to Defendant. See State v. Pierce , 433 S.W.3d 424, 427 n.1 (Mo. banc 2014) (a defendant "must be tried for the offense as defined by the law that existed at the time of the offense"); State v. Carson , 317 S.W.3d 136, 142 (Mo. App. 2010) (a change in the type of offense that can be used for enhancement is substantive and cannot be applied to an offense that occurred before the amendment); State v. Hawkins , 308 S.W.3d 776, 777 n.2 (Mo. App. 2010) (a defendant must be sentenced in accordance with the penalty provision in effect when the offense was committed); § 1.160 (an offense committed prior to the amendment of a statutory provision is tried and punished as if the provision had not been amended).
The trial court's reliance upon a penalty enhancement provision that was not in effect when the crime was committed violates the prohibition against ex post facto laws and constitutes a manifest injustice. See State v. Anderson , 294 S.W.3d 96, 98-99 (Mo. App. 2009) ; State v. Griffin , 172 S.W.3d 861, 865 (Mo. App. 2005) ; State v. Heckenlively , 83 S.W.3d 560, 568 (Mo. App. 2002). Under the penalty provision in § 566.093.2 that applied to conduct occurring in 2016, Defendant could only be sentenced to a maximum term of six months on each count because the State did not allege, and the trial court did not find, that Defendant had committed a prior Chapter 566 offense. Therefore, the trial court committed plain error by imposing a one-year sentence on each count.
Defendant's convictions are affirmed. His sentences are vacated, and the cause is remanded to the trial court for resentencing consistent with this opinion. See Griffin , 172 S.W.3d at 867.
WILLIAM W. FRANCIS, JR., P.J.-CONCUR
MARY W. SHEFFIELD, J.-CONCUR

All statutory references are to RSMo Cum. Supp. (2013), unless otherwise specified.

The court ordered the sentences to run consecutively. Execution of sentence on Count 2 was suspended, and Defendant was placed on supervised probation for two years.

Point 1 challenges the denial of the motion for judgment of acquittal at the close of the State's evidence. Point 2 challenges the denial of the motion for judgment of acquittal at the close of all the evidence. Because the argument presented in each point is substantively identical, we address Defendant's points together.

Defendant also argues that his convictions should be reversed because they are contrary to the weight of the evidence. However, an appellate court does not engage in a weight-of-the-evidence review in a criminal case. See State v. Gannaway , 497 S.W.3d 819, 823 (Mo. App. 2016) ; State v. Burks , 373 S.W.3d 1, 4 (Mo. App. 2012). The applicable standard of review requires us to ignore all evidence and inferences that are contrary to the trial court's finding of guilt. State v. Bateman , 318 S.W.3d 681, 687 (Mo. banc 2010).

All rule references are to Missouri Court Rules (2018). In relevant part, Rule 30.20 states that "[w]hether briefed or not, plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Id .

The phrase "under this chapter" refers to an offense in Chapter 566, RSMo. See Paxton v. State , 209 S.W.3d 547, 548 n.2 (Mo. App. 2006) (construing identical "under this chapter" language in § 566.067.2 to refer to an offense in Chapter 566, RSMo); State v. Paxton , 140 S.W.3d 226, 231 (Mo. App. 2004) (same holding).