

# Missouri Court of Appeals

## Southern District

### Division One

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | No. SD36831 |
| vs. | ) | |
| | ) | **Filed:  May 4, 2022** |
| ANGELA M. PLIEMLING, | ) | |
| | ) | |
| Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF IRON COUNTY

Honorable Kelly W. Parker, Judge

**REVERSED AND REMANDED WITH INSTRUCTIONS**

Angela Pliemling appeals her felony conviction for unlawful receipt of public assistance benefits.  She asserts the state did not meet its burden to present evidence from which a reasonable jury could conclude she knowingly received benefits to which she was not legally entitled.  We are required to decide this appeal on a different ground.  Because the trial court committed an evident, obvious and clear error resulting in a manifest injustice to Pliemling, we reverse and remand for further proceedings consistent with this opinion.

# Background[1]

In 2014, Pliemling pleaded guilty to felony possession of a controlled substance. The same year, a jury found her guilty of a separate felony and she pleaded guilty to a third felony. Pliemling was placed on probation with the sentences in two of her three cases to run concurrently.

In December of 2016, while Pliemling remained on probation for her felony drug offense, an application for public assistance bearing Pliemling's name, personal identifying information, and residential address was submitted to the Missouri Department of Social Services ("DSS"). A box was checked "No" next to the question, "Have you or any member of your household been convicted in a federal or state court of a felony committed after 8-22-96 related to illegal possession, use, or distribution of a controlled substance?" Subsequent applications in 2017 and 2018 bore the same identifying information and negative answer to the question about drug convictions. The signatures on all three applications were similar and appeared similar to Pliemling's signature in court records.

An account was opened and an electronic benefits transfer ("EBT") card was issued in Pliemling's name. Pliemling used the EBT card many times at different businesses. Between October of 2017 and July of 2018, Pliemling received and used some $2,270 in state assistance via the EBT card.

In May of 2018, a DSS investigator discovered Pliemling's undisclosed felony drug conviction. On November 6, 2018, the state filed an information alleging Pliemling, a prior offender, had violated § 578.377, a class D felony, in that on or about December 6,

---

[1] "We summarize the facts as we must view them, in the light most favorable to the verdict." ***State v. Sanders-Ford***, 527 S.W.3d 223, 225 n.1 (Mo.App. 2017).

2016, she knowingly received more than $500 in public assistance to which she was not legally entitled.  An amended information filed almost a year later contained the same allegations except the dates were amended to "on or about or between December 6, 2016 and June 12, 2018."  A second amended information, filed on the day of the November 2019 jury trial, contained the same substantive allegations as the amended information along with averments of her two prior, non-drug-related felonies and an assertion that Pliemling was a prior offender and a persistent offender.

Pliemling presented no evidence and elected not to testify at trial.  Her attorney conceded Pliemling had received more than $500 in public assistance but argued the applications for assistance were not sufficient to show Pliemling knew she was not legally entitled to benefits.  The state submitted, without objection, a non-MAI verdict director patterned from MAI-CR 3rd 304.02.  That document directed the jury to find Pliemling guilty if they believed the following beyond a reasonable doubt:

> First, that on or about or between December 6, 2016 and June 12, 2018, . . . [Pliemling] received public assistance benefits, and
> Second, that at that time, [Pliemling] knew she was not entitled to receive such benefits because [she] had been previously convicted of a felony, . . . and
> Third, that the amount of benefits exceeded five hundred dollars[.]

The jury found Pliemling guilty.  Because Pliemling had been found to be a persistent offender, the authorized range of punishment was enhanced from that of a D felony to that of a C felony.  Section 558.016.7 RSMo. (2016).  Pliemling was sentenced to seven years in the department of corrections.  Over the state's objection, execution of the sentence was suspended, she was placed on supervised probation, and she was ordered to pay the full amount of restitution within two months.

## Discussion

One of the first steps we take when reviewing a challenge that a judgment is not supported by sufficient evidence is to look at the elements the state was required to prove. Pliemling was charged with a violation of § 578.377 RSMo. (Cum. Supp. 2013), a statute that had been repealed and replaced with § 570.400 RSMo. (2016) as part of the comprehensive reform of Missouri's Criminal Code. The General Assembly approved Senate Bill 491 in 2014 with an effective date of January 1, 2017. 2014 Mo. Laws 941, 1253. In briefing to this court, Pliemling's appellate counsel only referenced § 578.377, as if no repeal had occurred, while the state referenced § 578.377 as the "prior citation" of § 570.400, as if the statute had only been renumbered.

Because this issue was not raised below, review, if any, would be under Missouri Supreme Court Rule 30.20 (2020) for plain error affecting substantial rights. *State v. Brandolese*, 601 S.W.3d 519, 525-26, 530 (Mo. banc 2020). Plain error review is at the discretion of the appellate court. *Id.* at 526. Even in the absence of a request, we may exercise our discretion to engage in plain error review *sua sponte*. *State v. Snyder*, 592 S.W.3d 375, 379 n.4 (Mo.App. 2019); *State v. Ingalsbe*, 557 S.W.3d 515, 520 (Mo.App. 2018). Plain error review is the exception rather than the rule, and *sua sponte* plain error review is even rarer still. Because this is an unusual situation, we directed the parties to file supplemental briefing after oral argument.

*Section 578.377 Was Repealed and Replaced, Not Transferred or Renumbered*

"[T]he *language* of a given enactment exclusively is the province of the General Assembly (with the Governor's approval or inaction), but *where* that language is codified in the revised statutes and the *structure* in which that language will be published is the province of the Joint Committee on Legislative Research . . . and the Revisor of Statutes

4

acting under the Committee's supervision." ***State v. Wade***, 421 S.W.3d 429, 441 (Mo. banc 2013) (Wilson, J., concurring).  With the authority granted by § 3.060 RSMo. (2000), the committee may renumber, rearrange, transfer, divide, or combine sections, but it cannot alter the sense, meaning, or effect of any legislative act.  A renumbering or transfer of a statute in such a manner is a matter of organization and convenience to the reader, not a substantive change.  In contrast, an "express repeal" is "the abrogation or annulling of a previously existing law by the enactment of a subsequent statute, which . . . declares that the former law shall be revoked and abrogated".  ***City of St. Louis v. Kellman***, 139 S.W. 443, 445 (Mo. banc 1911).  Repeal of a statute and replacement is a legislative act that terminates the existence of the prior statute.  ***Humane Soc'y of United States v. State***, 405 S.W.3d 532, 536, 538 (Mo. banc 2013).  Because the General Assembly expressly *repealed* § 578.377 and *enacted* § 570.400 "in lieu thereof," what occurred was a legislative abrogation of § 578.377 RSMo. (Cum. Supp. 2013) and replacement with § 570.400 RSMo. (2016), not a mere transfer or renumbering of the prior statute.

Although § 578.377 RSMo. (Cum. Supp. 2013) had been repealed before the date the state first charged Pliemling (November 6, 2018), prosecution under that statute was not barred for acts alleged to have been committed on or before December 31, 2016. Section 1.160 RSMo. (2016) provides, "No offense committed . . . previous to or at the time when any statutory provision is repealed or amended[] shall be affected by the repeal or amendment . . . ."  This statute preserves, among other things, "liability for offenses committed previous to or at the time a statutory provision is repealed or amended[.]" ***Mitchell v. Phillips***, 596 S.W.3d 120, 125 (Mo. banc 2020).  "The purpose of section 1.160 and other general savings statutes is to dispense 'with the necessity of inserting a

5

saving clause in any repealing statute.'" **Id.** (quoting **State v. Mathews**, 14 Mo. 133, 136 (Mo. 1851)). Therefore, the state could have elected to charge Pliemling under § 578.377 RSMo. (Cum. Supp. 2013) for acts that would have constituted unlawful receipt of public benefits prior to January 1, 2017, and/or charge her under § 570.400 RSMo. (2016) for such acts committed on or after that date. The sticky wicket here is that the state's second amended information alleged, in one count, acts spanning dates before and after January 1, 2017.

We must give every word, sentence, and section of a statute meaning, and we must construe changes to statutes "'on the theory that the legislature intended to accomplish a substantive change in the law.'" **State v. Knox**, 604 S.W.3d 316, 322 (Mo. banc 2020) (quoting **Sermchief v. Gonzales**, 660 S.W.2d 683, 689 (Mo. banc 1983)). Although both statutes criminalize similar conduct, it is plain to see that the legislature intended to change the law substantively when it repealed § 578.377 RSMo. (Cum. Supp. 2013) and enacted § 570.400 RSMo. (2016) in lieu thereof. Under § 578.377 RSMo. (Cum. Supp. 2013), unlawful receipt of public assistance benefits was a class D felony unless the value of the benefits was less than $500, in which case it was a class A misdemeanor. Under § 570.400 RSMo. (2016), unlawful receipt of public assistance benefits is a class A misdemeanor unless the amount is $750 or more, or it is the person's second such offense, in which case it is a class E felony. Third and subsequent offenses were punishable as a class C felony under § 578.377 RSMo. (Cum. Supp. 2013) and are punishable as a class D felony under § 570.400 RSMo. (2016). Beyond the obvious differences in classifications of the offenses and value of benefits received for enhancement, the change in the default classification (class D felony unless value of benefits shown to be less than $500 versus class A misdemeanor unless value of benefits shown to be $750 or more) could affect the

6

state's pleading and proof requirements.  *See Knox*, 604 S.W.3d at 321-24 (discussing the effect of 2017 changes to pleading and proof requirements for value of property on a stealing charge).

*Did the Trial Court Commit Plain Error?*

Plain error review is two-pronged:  (1) consider the facts and circumstances to facially determine if there was plain error, i.e., evident, obvious, and clear error, and (2) determine whether a manifest injustice or miscarriage of justice occurred.  *State v. Presley*, 585 S.W.3d 400, 402-03 (Mo.App. 2019).

It is well-settled that "a defendant must be tried for the offense as defined by the law that existed at the time of the offense." *State ex rel. T.J. v. Cundiff*, 632 S.W.3d 353, 359 (Mo. banc 2021) (quoting *State v. Pierce*, 433 S.W.3d 424, 427 n.1 (Mo. banc 2014)).  A defendant may not be "charged with one offense, or with one form of an offense, and convicted of another." *State v. Lee*, 841 S.W.2d 648, 650 (Mo. banc 1992) (citing *State v. White*, 431 S.W.2d 182 (Mo. 1968)).

There is no question of evident, obvious, and clear error in convicting Pliemling for a felony violation of § 578.377 RSMo. (Cum. Supp. 2013).  The state concedes that the evidence showed Pliemling received and used state benefits beginning no earlier than October of 2017 and that the applicable criminal statute at that time was § 570.400 RSMo. (2016).

Our analysis next turns to whether a manifest injustice or miscarriage of justice occurred.  The state contends no manifest injustice occurred because Pliemling did not contest the value of the benefits received, the state's evidence showed Pliemling received benefits in excess of the higher $750 threshold for the felony classification, and she was sentenced within the range of punishment permitted under either statute.

When a crime may be classified as a misdemeanor or a felony depending on the value of what was taken, the state bears the burden to prove the value threshold was exceeded if it seeks the higher felony classification. *See Knox*, 604 S.W.3d at 320-22 (applied in the context of misdemeanor vs felony stealing). This is because the state has the burden to prove every element of the crime charged, and a "defendant *never* has the burden of introducing evidence to lower the category of his or her crime or to prove his or her innocence of a higher level of crime." *Id.* at 322.

Pliemling put the state to its proof of the value of benefits received when she entered a plea of "not guilty." *See State v. Jackson*, 433 S.W.3d 390, 406 (Mo. banc 2014) (defendant puts the state to its proof on every element by pleading not guilty). Any attempt to narrow this principle so that only those elements a trial or appellate court believes reasonable jurors can disagree about comes dangerously close to denying Pliemling the fair trial to which she is entitled under state and federal constitutions. *Id.*

The jury was instructed that it could find Pliemling guilty only if it found, among other things, that the amount of benefits received exceeded $500. If, as the state concedes, the case should have been charged under § 570.400 RSMo. (2016), then to have the offense classified as an E felony, the state had the burden to prove the value of benefits received was at least $750, not $500.

It is highly improbable that, on the same evidence, the jury would have found the evidence satisfied the $500 threshold but not a $750 threshold. Yet we are reminded of our Supreme Court's guidance in *Jackson*:

> No matter how strong, airtight, inescapable, or even absolutely certain the evidence and inferences in support of the differential element may seem to judges and lawyers, no evidence *ever* proves an element of a criminal case until all 12 jurors believe it, and no inference *ever* is drawn in a criminal case until all 12 jurors draw it.

433 S.W.3d at 399-400. We cannot usurp the jury's right to disbelieve any part of the evidence or its right to refuse to infer a fact on which the state bears the burden of proof. *Id.* at 401. Pliemling suffered a manifest injustice when she was found guilty of a felony offense, rather than a misdemeanor, without the jury making all requisite findings to support the felony classification.

We also are not persuaded that no manifest injustice occurred because the sentence Pliemling received was within the authorized range of punishment for a felony under either § 578.377 RSMo. (Cum. Supp. 2013) or § 570.400 RSMo. (2016). "A criminal sentence is the penalty for a particular offense. The sentence that a court imposes consists of punishment that comes within the particular statute designating the permissible penalty for the particular offense." *Mitchell*, 596 S.W.3d at 123 (internal quotations and citations omitted). "A sentence passed on the basis of a materially false foundation lacks due process of law and entitles the defendant to a reconsideration of the question of punishment in the light of the true facts, regardless of the eventual outcome." *State v. Halter*, 583 S.W.3d 68, 71 (Mo.App. 2019). "'An unauthorized sentence affects substantial rights and results in manifest injustice.'" *State v. Morris*, 285 S.W.3d 407, 414 (Mo.App. 2009) (quoting *Drennen v. State*, 906 S.W.2d 880, 882 (Mo.App. 1995)). *Accord State v. Perkins*, 600 S.W.3d 838, 848 (Mo.App. 2020).

As we just discussed, we cannot be confident Pliemling would have been convicted of a felony rather than a misdemeanor had the jury been properly instructed as to the value of the benefits received. Furthermore, she could not have received *any* sentence for a violation of § 578.377 RSMo. (Cum. Supp. 2013), which had been abrogated before she allegedly engaged in the charged conduct. Even with the application of the § 1.160 RSMo.

9

(2016) savings statute, the state could have only charged a § 578.377 RSMo. (Cum. Supp. 2013) violation for unlawful receipt of public benefits that occurred prior to January 1, 2017. The *actus reus*, or wrongful action, of the alleged crime is the *receipt* of public assistance, which the state concedes and the evidence shows did not begin to occur until October of 2017 at the earliest. Considering all the evidence and reasonable inferences favorable to the verdict, Pliemling was convicted for acts that occurred *after* the statute establishing the criminal offense with which she was charged had been abrogated. This is a miscarriage of justice.

As plain and serious as these errors appear to us with the benefit of the full record on appeal, they went unnoticed by the trial court, prosecutor, defense counsel, and appellate counsel. We acknowledge that the state presented a prima facie case for misdemeanor unlawful receipt of public benefits under either statute. For these reasons, a reversal and discharge is not the appropriate remedy. In some cases, an erroneous application of an enhancement provision can be remedied by reversing and remanding for appropriate resentencing. *See, e.g.*, **State v. Russell**, 598 S.W.3d 133, 141 (Mo. banc 2020); **Knox**, 604 S.W.3d at 323-24; **Ingalsbe**, 557 S.W.3d at 521. That is not the appropriate remedy, either, because we are confronted with a conviction under an abrogated criminal statute, a circumstance that cannot be corrected by resentencing. The most appropriate remedy in this unusual situation is to reverse and vacate the judgment and remand the case to the trial court with instructions to dismiss the cause 30 days after issuance of our mandate unless a motion for leave to file a further amended information in conformance with § 570.400 RSMo. (2016) is received by the court within said period and sustained, in which event the case may further proceed in accordance with this opinion.

**Conclusion**

For all the reasons stated above, Pliemling's class D felony conviction for unlawful receipt of public benefits in violation of § 578.377 RSMo. (Cum. Supp. 2013) is plain error resulting in manifest injustice and a miscarriage of justice. We vacate and reverse the trial court's judgment and remand for proceedings consistent with this opinion.

JACK A. L. GOODMAN, J. – OPINION AUTHOR

WILLIAM W. FRANCIS, JR., P.J. – CONCURS

JEFFREY W. BATES, J. – CONCURS